[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10188
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 29, 2010
JOHN LEY
CLERK

D. C. Docket No.  9:04-cr-80112-DMM-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS NERVIL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 29, 2010)

Before PRYOR, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Thomas Nervil appeals his sentence of six months of imprisonment for violating a term of his supervised release. 18 U.S.C. § 3583(e)(3). Nervil argues that his sentence is unreasonable. We affirm.

In 2004, Nervil pleaded guilty to conspiring to commit bank robbery, 18 U.S.C. §§ 371, 2113(a), (d), and bank robbery, 18 U.S.C. §§ 2113(a), (d), and received a sentence of 36 months of imprisonment and five years of supervised release. In March 2009, the district court found that Nervil violated a condition of his supervised release when he battered his girlfriend by strangling her. The district court revoked Nervil's supervised release and sentenced him to time served and four years of supervised release, with the condition that Nervil complete a domestic intervention program.

In November 2009, the government petitioned to revoke Nervil's supervised release for failing to participate in the intervention program. According to the petition, Nervil failed to attend five counseling sessions at the Dade Family Counseling Service. The advisory guideline range provided a sentence of three to nine months of imprisonment.

At the revocation hearing, the government recounted Nervil's criminal history and the lenient sentences he had received previously. The government requested that the district court sentence Nervil to eight months of imprisonment

2

because Nervil had "resisted treatment" and "denied any wrongdoing," missed counseling after he began promoting local recording artists, and failed to submit documents required to obtain approval for his travel. Nervil admitted violating a condition of his supervised release, and he requested a sentence "at the low end of the guideline range." Nervil argued that he had attended 17 counseling sessions, had missed one session because of work, and had otherwise complied with the terms of his release. The district court asked why Nervil had missed his sessions, and Nervil responded that he could not "afford" the sessions.

Raul Vidal of the Dade County Family Counseling Service testified at the revocation hearing. Vidal stated that Nervil had incurred about $170 in past due fees and the Service later reduced Nervil's counseling fee to $20 per session, after which "he continued to miss sessions." Vidal opined that Nervil's finances were "not the reason that he stopped going" to counseling.

The district court found that Nervil had "violated the terms and conditions of supervised release and revoke[d] the period of supervised release." The district court sentenced Nervil to six months of imprisonment and four years of supervised release. The district court ordered that "[a]ll other conditions" imposed at his previous revocation proceeding were to "remain in effect."

Nervil argues that the district court failed to consider all factors relevant to

3

his sentence and imposed a greater sentence than necessary, but the district court was familiar with the circumstances of Nervil's case and imposed a reasonable sentence. The district court expressed concern that Nervil had failed to "take [the condition of his supervised release] as seriously as [he] should have" and found that Nervil's "explanations" for failing to attend counseling were "[in]sufficient." After it "carefully considered the statements of all parties and the information contained in the violation report," the district court concluded that a term of imprisonment followed by supervised release in which Nervil completed a domestic counseling program was necessary to impress Nervil about the need to comply with the law, deter Nervil from similar misconduct, and address Nervil's violent tendencies. See 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)–(B), (a)(2)(D). The district court did not abuse its discretion by imposing a sentence in the middle of the advisory guideline range.

Nervil's sentence is **AFFIRMED**.